FILED
2011 Nov-16 PM 04:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **JOHN A. CARLSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 1:10-CV-3-VEH |
| | ) |
| **CENTRAL ALABAMA** | ) |
| **COMMUNITY COLLEGE,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

Pending before the court is Defendant's Motion to Reconsider (Doc. 81) on Motion to Strike and for Sanctions (Doc. 75) (the "Motion To Reconsider") (Doc. 82) filed on November 14, 2011. In the Motion To Reconsider, Defendant challenges the court's discretionary ruling made on November 7, 2011, and specifically asks the court, once again, to strike the declarations relied upon by Plaintiff in opposition to summary judgment. (Doc. 82 ¶ 6).

While Defendant seems to suggest that the court has somehow committed clear legal error, nowhere in the Motion To Reconsider does it cite to any on-point <u>controlling</u> case law illustrating the court's manifest mistake in deciding not to strike the sworn testimony. Instead, Defendant relies upon various cases (unpublished

authority by the Eleventh Circuit, a published opinion by another court of appeals, and a district court decision by a judge who formerly sat with the Northern District of Alabama) as <u>mandating</u> that this court "strike the offending information," when <u>none</u> of those cases stand for that proposition and, even if they did, none are binding precedent. (Doc. 82 ¶ 3). *Cf. Borden v. Allen*, 646 F.3d 785, 808 (11th Cir. 2011) ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." (internal quotation marks omitted) (quoting 11th Cir. R. 36–2)); *Ramos v. Boehringer Manheim Corp.*, 896 F. Supp. 1213, 1214 (S.D. Fla. 1994) ("Certainly, this Court is bound by the decisions of the Court of Appeals for the Eleventh Circuit and the Supreme Court, but we are not bound by the decisions of another district court.").

This court is not obligated to address such a perfunctory and underdeveloped position on reconsideration. *Cf. Flanigan's Enters., Inc. v. Fulton Cnty., Ga.*, 242 F.3d 976, 987 n.16 (11th Cir. 2001) (holding that a party waives an argument if the party "fail[s] to elaborate or provide any citation of authority in support" of the argument); *Ordower v. Feldman*, 826 F.2d 1569, 1576 (7th Cir. 1987) (stating that an argument made without citation to authority is insufficient to raise an issue before the court). Moreover, none of these cases persuasively, much less clearly, establishes that this court has abused its discretion in fashioning the relief that it ordered on November 7,

2011.  In fact, as stated above, none of the authorities cited by Defendant supports the Defendant's "the court <u>must</u> strike the declarations" position.

Additionally, nowhere in the Motion To Reconsider does Defendant introduce an intervening change in controlling law or new evidence for the court to consider.  *See, e.g., Summit Med. Ctr. of Ala., Inc. v. Riley*, 284 F. Supp. 2d 1350, 1355 (M.D. Ala. 2003) (As a general rule, "[a] motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice.").

At best, Defendant's filing amounts to an ineffective regurgitation of the same arguments that it previously presented when first filing its motion to strike.  Further, <u>this court has already articulated why it found Defendant to share in blameworthiness</u> given how it chose not to be proactive during the discovery process and will not restate such reasons here.  Defendant's Motion To Reconsider not only conveniently <u>ignores</u> this aspect of the court's decision (and the Motion To Reconsider is therefore misleading) but it also <u>fails to mention</u> Rule 37(c)(1)'s express recognition that a district court "[i]n addition to <u>or instead of this sanction</u> [*i.e.*, striking such evidence] . . . may impose other appropriate sanctions [*i.e.*, such as reopening discovery] . . . ." Fed. R. Civ. P. 37(c)(1)(C) (emphasis added).  *Cf. Pension Committee of University of Montreal Pension Plan v. Banc of America Securities*, 685 F.Supp.2d 456, 469 (S.D.N.Y. 2010)

(stating, in a case in which the court found that spoliation of evidence had been established, that "[i]t is well accepted that a court should always impose the least harsh sanction that can provide an adequate remedy. The choices include—from least harsh to most harsh—further discovery, cost-shifting, fines, special jury instructions, preclusion, and the entry of default judgment or dismissal ....") (footnotes omitted).

Therefore, Defendant has not met the discretionary standard applicable to entertaining reconsideration requests, much less the substantive merits for securing such an extraordinary remedy. *See, e.g., United States v. Bailey*, 288 F. Supp. 2d 1261, 1267 (M.D. Fla. 2003) (recognizing that "in the interests of finality and conservation of scarce judicial resources, reconsideration of a previous order is an extraordinary remedy to be employed sparingly" (internal quotation marks omitted) (quoting *Lamar Adver. of Mobile, Inc. v. City of Lakeland*, 189 F.R.D. 480, 489 (M.D. Fla. 1999))). Accordingly, Defendant's Motion To Reconsider is **DENIED**.

**DONE** and **ORDERED** this the 16th day of November, 2011.

                                                  **VIRGINIA EMERSON HOPKINS**
                                                  United States District Judge