# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| JOHN A. CARLSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 1:10-CV-3-VEH |
| | ) |
| CENTRAL ALABAMA | ) |
| COMMUNITY COLLEGE, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

**I.   Brief Introduction**

Plaintiff John A. Carlson, Sr. ("Mr. Carlson") initiated this job discrimination case arising under the Rehabilitation Act and the Americans with Disabilities Act ("ADA") on January 4, 2010. (Doc. 1). By virtue of several prior orders of dismissal (Docs. 73, 81), the only defendant that remains in the lawsuit is Central Alabama Community College ("CACC"), and the sole claim that remains is one of a failure to promote asserted pursuant to the Rehabilitation Act.

Pending before the court is CACC's Motion for Leave To Amend Answer (Doc. 89) (the "Motion for Leave") filed on January 6, 2012, which seeks to add an after-acquired evidence defense. The Motion for Leave has been fully briefed (Doc.

89, 90), and on May 16, 2012, the court held a hearing to address any questions that it had regarding the motion. (Doc. 97 at 2). For the reasons explained below, the Motion for Leave is **GRANTED**.

## II. Standard on Amending Pleadings

When a party seeks to amend a pleading after the deadline to do so contained in the scheduling order has passed, the party must satisfy the more stringent late amendment standard pursuant to Rule 16. As explained by Judge Steele in *Young v. City of Gulf Shores*, No. 07-0810-WS-M, 2009 WL 197185 (S.D. Ala. Jan. 27, 2009):

> When, as in this case, the time for amendment as of right has passed, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). However, the plaintiff's motion was also filed past the deadline established in the scheduling order for such motions, and such "[a] schedule shall not be modified except upon a showing of good cause." Fed. R. Civ. P. 16(b); *accord Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998). Accordingly, the plaintiff must first show good cause for her failure to comply with the scheduling order. *Id.* at 1419 ("[B]ecause Sosa's motion to amend was filed after the scheduling order's deadline, she must first demonstrate good cause under Rule 16(b) before we will consider whether amendment is proper under Rule 15(a).").
>
> "This good cause standard precludes modification unless the schedule could not 'be met despite the diligence of the party seeking the extension.'" *Sosa*, 133 F.3d at 1418 (quoting Fed. R. Civ. P. 16 advisory committee notes). The plaintiff does not address this standard, or even acknowledge the existence of Rule 16(b). Merely stating that

> additional claims exist is insufficient. *Smith v. School Board of Orange County*, 487 F.3d 1361, 1367 (11th Cir.2007) (simply asserting that new violations of law have been discovered, without indicating what they are, what facts support them, and why they were undiscoverable earlier, does not support a showing of good cause under Rule 16(b)). Moreover, the plaintiff's only explanation for her failure to raise Fourth Amendment claims earlier is that she "neglected" to do so. (Doc. 61, ¶ 1). Neglect is fundamentally inconsistent with good cause. *See Lepone-Dempsey v. Carroll County Commissioners*, 476 F.3d 1277, 1281 (11th Cir. 2007) ("Good cause [under Rule 4(m) ] exists only when some outside factor . . . rather than inadvertence or negligence prevented service.").

*Young*, 2009 WL 197185, at *1.

### III. Analysis

CACC's Motion for Leave seeks to add the after-acquired evidence defense to its answer "out of an abundance of caution and without waiver of the contention that it is not [an] affirmative defense." (Doc. 89 ¶ 3). As the Eleventh Circuit has described the after-acquired evidence equitable rule:

> In *McKennon v. Nashville Banner Publishing Co.*, 513 U.S. 352, 115 S. Ct. 879, 130 L. Ed. 2d 852 (1995), a case involving an alleged violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), the Supreme Court held that after-acquired evidence of wrongful conduct during employment that would have resulted in termination does not "operate[ ], in every instance, to bar all relief for an earlier violation of the Act." *Id.* at ----, 115 S. Ct. at 884. The Court held, however, that "<u>the after-acquired evidence of the employee's wrongdoing bears on the specific remedy to be ordered</u>." *Id.* at ----, 115 S. Ct. at 885. The Court determined that in cases in which an employee commits an act during employment that would lead to termination and the employer finds out about the act during the course of litigation,

"neither reinstatement nor front pay is an appropriate remedy." *Id.* at ----, 115 S. Ct. at 886. The Court then discussed backpay, holding that it should be calculated "from the date of the unlawful discharge to the date the new information was discovered," with the court "taking into further account extraordinary equitable circumstances that affect the legitimate interests of either party." *Id.* . . . .

> Based upon the similarities among the statutes, we conclude that the holding of *McKennon* is applicable to claims brought under Title VII and the Equal Pay Act. *See O'Driscoll v. Hercules Inc.*, 52 F.3d 294 (10th Cir. 1995) (remanding ADEA, Title VII and Fair Labor Standards Act claims to district court for reconsideration in light of *McKennon* ); *Wehr v. Ryan's Family Steak Houses, Inc.*, 49 F.3d 1150, 1153 (6th Cir. 1995) ("While *McKennon* involved an ADEA claim, we are persuaded by its language that it applies equally to a Title VII claim."); *Manard v. Fort Howard Corp.*, 47 F.3d 1067, 1067 (10th Cir.1995) (applying *McKennon*, without discussion, to Title VII case).

*Wallace v. Dunn Const. Co., Inc.*, 62 F.3d 374, 378 (11th Cir. 1995) (emphasis added).

Thus, the after-acquired evidence defense is a remedial doctrine, which expressly applies to claims arising under the ADEA, Title VII, and the Equal Pay Act within the Eleventh Circuit. While neither party has pointed to binding case authority which addresses whether the *McKennon* rule applies to Rehabilitation Act cases, this court sees no reason why such an equitable doctrine should not be extended to claims of disability discrimination akin to *Wallace'*s extension of the defense's coverage to

Title VII and Equal Pay Act claims.[1]

In *Wallace*, the Eleventh Circuit made it clear that the burden of proof rests with the defendant when the after-acquired evidence defense is asserted:

> In order to benefit from the after-acquired evidence rule announced in *McKennon*, Dunn must prove that "the misconduct revealed by the deposition was so grave that [Neal's] [or in this case, Mr. Carlson's] immediate discharge would have followed its disclosure in any event."

62 F.3d at 379.

The court's own research has revealed that, in light of the defendant's burden of proof, the doctrine "is an affirmative defense that an employer must plead in its answer <u>or otherwise ensure that it is a subject of the pretrial order</u>." *Holland v. Gee*, ___ F.3d ___, Nos. 11–11659, 11–11884, 2012 WL 1292342, at *13 (11th Cir. Apr. 17, 2012) (emphasis added) (citing *Pulliam v. Tallapoosa Cnty. Jail*, 185 F.3d 1182, 1185 (11th Cir. 1999)).

Therefore, while the defense is an affirmative one, even if the court were to deny leave to amend the answer, CACC would still have the opportunity to raise it as part of the pretrial order process. *Cf. Proctor v. Fluor Enterprises, Inc.*, 494 F.3d 1337, 1352 (11th Cir. 2007) ("In addition, Fluor specifically raised the borrowed

---

[1] For the purposes of CACC's Motion for Leave, the court assumes, without deciding, that such an equitable doctrine applies equally to failure to promote claims.

servant doctrine in its summary judgment motion filed in October 2003, which was long before any trial date had been set or even a pre-trial order entered in October 2005 and indeed more than two years before the February 2006 trial.").

Moreover, CACC has demonstrated good cause for asserting the defense after the expiration of its amendment deadline of July 2, 2010.  (Doc. 17 at 2).  In particular, CACC did not learn about the after-acquired information relating to Mr. Carlson until Ms. Thomas was deposed on December 16, 2011.  (Doc. 84 ¶¶ 3, 4). Further, CACC filed its Motion for Leave within 30 days of when it discovered this evidence.  Therefore, for all these reasons, the court will grant CACC's Motion for Leave.

At the same time the court acknowledges Mr. Carlson's assertion that "[a]mending the pleadings at this late juncture would necessitate additional discovery."  (Doc. 90 at 5).  During the hearing, counsel for Mr. Carlson reiterated his concern that he would not be prepared to respond to CACC's after-acquired evidence at trial unless he was able to conduct some discovery.  The court also acknowledges that CACC sought to conduct discovery relating to this defense for the purposes of summary judgment.  (Doc. 91 at 5-7).

Therefore, the court will entertain a motion by Mr. Carlson and/or CACC to reopen discovery <u>for the limited purpose</u> of addressing CACC's after-acquired

evidence defense, if such a motion is filed no later than May 31, 2012, and if it specifically identifies what areas of discovery are needed and how long the additional discovery period should last.

## IV. Conclusion

Therefore, as stated above, CACC's Motion for Leave is **GRANTED**. Due to CM/ECF requirements, CACC is **HEREBY ORDERED** to separately file in its proposed amended answer (Doc. 89-1) no later than May 31, 2012.

Further, to the extent that either or both parties want the court to reopen discovery for the limited purpose of trial preparation regarding CACC's after-acquired evidence defense, then such motion must be filed with the court no later than May 31, 2012, as set forth above.

**DONE** and **ORDERED** this the 21st day of May, 2012.

      **VIRGINIA EMERSON HOPKINS**
      United States District Judge