**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION**

| | |
|---|---|
| **JOHN A. CARLSON,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 1:10-CV-3-VEH |
| | ) |
| **CENTRAL ALABAMA** | ) |
| **COMMUNITY COLLEGE,** | ) |
| | ) |
|     **Defendant.** | ) |

## **MEMORANDUM OPINION AND ORDER**

**I.  Introduction**

Pending before the court is the Motion To Quash Or for Protective Order and Compensation (Doc. 109) (the "Motion") filed by dismissed defendant Alabama Department of Human Resources ("ADHR") on August 8, 2012. The Motion pertains to a subpoena issued by Plaintiff on July 27, 2012, which seeks investigative files within ADHR's possession, custody, or control relating to "allegations and/or complaints of improper child/student contact against Shon C. Holton . . . ." (Doc. 109-1 at 2).

The Motion maintains that the records sought by Plaintiff "are confidential under state law, pursuant to Ala. Code §§ 26-14-8(c), 38-2-6(8), 39-7-13, and 38-9-

6(e) (1975) . . . ." (Doc. 109 ¶ 3). The Motion also contends that the subpoena is overly broad and objects to the release of any information that would be protected by privilege or attorney work product. (*Id.* ¶ 4).

The Motion seeks to quash the subpoena or alternatively asks for the court to conduct an *in camera* inspection of the records and also enter a protective order regarding them. (Doc. 109 at 4). Additionally, ADHR seeks reimbursement for the reasonable costs associated with any production that is ordered by the court. (*Id.*).

## II.   Standards

### A.   Discovery Orders Generally

Regarding discovery rulings:

> A district court has wide discretion in discovery matters and our review is "accordingly deferential." *Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1280 (11th Cir. 1998). A court abuses its discretion if it makes a "clear error of judgment" or applies an incorrect legal standard. *Carpenter v. Mohawk Indus., Inc.*, 541 F.3d 1048, 1055 (11th Cir. 2008) (per curiam). Moreover, a district court's denial of additional discovery must result in substantial harm to a party's case in order to establish an abuse of discretion. *See Leigh v. Warner Brothers, Inc.*, 212 F.3d 1210, 1219 (11th Cir. 2000).

*Bradley v. King*, 556 F.3d 1225, 1229 (11th Cir. 2009); *accord Iraola & CIA, S.A. v. Kimberly-Clark Corp.*, 325 F.3d 1274, 1286 (11th Cir. 2003) ("Moreover, we will not overturn discovery rulings 'unless it is shown that the District Court's ruling resulted in substantial harm to the appellant's case.'") (quoting *Carmical v. Bell Helicopter*

*Textron, Inc.*, 117 F.3d 490, 493 (11th Cir. 1997) (footnote omitted)).

### B.  Rule 26 Protective Orders Specifically

> Federal Rule of Civil Procedure 26(c) specifically provides that a party may file a motion for a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c).  The district court may issue a protective order if "good cause" is shown, and such an order "is not subjected to heightened scrutiny." *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 355 (11th Cir. 1987); *see also* Fed. R. Civ. P. 26(c). <u>The burden is on the movant to show the necessity of the protective order, and the movant must meet this burden with a "particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.</u>" *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978).  In addition to requiring good cause, the district court must "<u>balance the interests</u> of those requesting the order." *McCarthy*, 876 F.2d at 91.

*Ekokotu v. Federal Exp. Corp.*, 408 Fed. App'x 331, 335-36 (11th Cir. 2001) (emphasis added) (footnote omitted).

### III.  Analysis

Plaintiff has not yet filed a response to the Motion, and there is no indication within the Motion whether ADHR ever conferred with Plaintiff before filing it. Additionally, while ADHR has generally claimed privilege and work product as bases for withholding production, it has not, pursuant to Rule 45(d)(2)(A)(ii), "describe[d] the nature of the withheld documents, communications, or tangible things in a manner that, without revealing the information itself privileged or

3

protected, will enable the parties to assess the claim." Fed. R. Civ. P. 45(d)(2)(A)(ii).

Further while ADHR does refer to some supporting state law, it nevertheless lacks any citations to applicable federal rules or case law. Finally, ADHR has not attached a proposed protective order or alternatively indicated whether the one that is already in place (Doc. 40) is acceptable to it for the purposes of producing records responsive to the subpoena.

### IV. Conclusion

Accordingly, the Motion is **GRANTED WITHOUT PREJUDICE** to right of ADHR to refile it subject to the following conditions: (1) ADHR shall confer with Plaintiff's counsel about the substance of its Motion to see if an agreement can be reached over how to handle the subpoena; (2) if the parties are unable to resolve their dispute by stipulation, then ADHR shall state in the Motion the efforts that were made to resolve it without court intervention and indicate what, if any, areas of partial agreement were reached; (3) any subsequently filed motion must include applicable citations to federal rules and law supporting the relief sought; (4) if ADHR intends to assert any privilege or protection against production, then it must completely comply with the requirements of Rule 45(d)(2)(A)(ii) or the court will not consider the merits of such contentions as grounds justifying non-compliance with the subpoena; and (5) ADHR shall attach to any subsequently filed motion, and email to

chambers in WordPerfect format, a proposed protective order for the court to consider (in the event that ADHR takes the position that the protective order already entered in this file is not sufficient).

**DONE** and **ORDERED** this the 6th day of August, 2012.

                                            **VIRGINIA EMERSON HOPKINS**
                                            United States District Judge